UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANGELA M.,

                    Plaintiff,                           **DECISION AND ORDER**

            v.
                                                         6:23-CV-06646 EAW
COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____

## <u>INTRODUCTION</u>

Represented by counsel, Plaintiff Angela M. ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are Plaintiff's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 4), the Commissioner's motion to remand the case for further administrative proceedings (Dkt. 5), and Plaintiff's reply opposing remand for further administrative proceedings and advocating for remand solely for the calculation and payment of benefits (Dkt. 8). For the reasons explained below, Plaintiff's motion (Dkt. 4) is granted and the matter is remanded for calculation and payment of benefits, and the Commissioner's motion (Dkt. 5) is denied.

## BACKGROUND

This action has an unusually long and complex procedural history. Plaintiff protectively filed her application for SSI on January 7, 2009. (Dkt. 3 at 136-38).[1] The claim was initially denied on May 4, 2009. (*Id*. at 63). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Barry Peffley on October 5, 2010. (*Id.* at 20-44). On October 15, 2010, ALJ Peffley issued an unfavorable decision. (*Id.* at 46-59). Plaintiff requested Appeals Council review; her request was denied on February 13, 2012, making the ALJ's determination the Commissioner's final decision. (*Id.* at 10-14). Plaintiff appealed the matter to this Court and on May 23, 2013, United States District Judge William M. Skretny issued a Decision and Order remanding the matter for further administrative proceedings as a result of the ALJ's failure to develop the record with regard to Plaintiff's mental impairments. (*Id.* at 524-33).

On remand, ALJ John Costello held an additional hearing on August 20, 2013. (*Id.* at 446-87). On September 23, 2013, ALJ Costello issued a partially favorable decision, finding Plaintiff disabled as of September 1, 2012. (*Id.* at 541-57). The Appeals Council reviewed ALJ Costello's decision and affirmed the finding that Plaintiff was disabled as of September 1, 2012, but remanded the case to ALJ Costello for additional consideration of Plaintiff's condition prior to that date and further assessment of opinion evidence. (*Id.* at 565-69). ALJ Costello held a third hearing on July 12, 2016 (*id.* at 488-517), and on

---

[1]    When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

October 26, 2016, he issued a decision again finding Plaintiff disabled only as of September 1, 2012 (*id.* at 419-37). Plaintiff appealed this decision directly to this Court. On October 17, 2018, United States Magistrate Judge Jonathan W. Feldman, on the agreement of the parties, entered a Stipulation and Order remanding the matter for further administrative proceedings. (*Id.* at 1639-40).

On remand, the Appeals Council entered an order on December 13, 2018, limiting the ALJ's review to the issue of disability prior to September 1, 2012, providing further instructions, and directing that a new ALJ be assigned. (*Id.* at 1630-37). ALJ Michael Devlin held a fourth hearing on September 17, 2019. (*Id.* at 1612-29). On January 24, 2020, ALJ Devlin issued an unfavorable decision finding that Plaintiff was not disabled from the date of the application through August 31, 2012. (*Id.* at 1582-1602). Thereafter, Plaintiff appealed the Commissioner's determination to the United States District Court for the Western District of New York, and by Decision and Order dated July 29, 2021, the undersigned again remanded the case for further administrative proceedings for the ALJ's failure to comply with the Appeals Council directives. (*Id.* at 1871-80).

ALJ Devlin held a fifth hearing on May 23, 2023. (*Id.* at 1847-66). The ALJ issued an unfavorable decision on July 13, 2023. (*Id.* at 1823-35). This action followed.

## LEGAL STANDARD

### I.    District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera*

*v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.    <u>Disability Determination</u>

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or

combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  *Id.* § 416.920(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id*. § 416.909, the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See id*. § 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work.  *Id.* § 416.920(f).  If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.  *Id.* § 416.920(g).  To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience.  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

**DISCUSSION**

I.    **The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 416.920.  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since January 15, 2009, the application date.  (Dkt. 3 at 1825).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: plantar fasciitis; degenerative disc disease of the lumbar spine; fibromyalgia; schwannoma; Crohn's disease; uveitis; diabetes mellitus; migraine headaches; obesity; major depressive disorder; cognitive disorder; and anxiety disorder.  (*Id.*).  The ALJ also identified Plaintiff's medically determinable impairments of fibromyalgia as non-severe.[2]  (*Id.* at 1826).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.*).  The ALJ particularly considered the criteria of Listings 1.04, 9.08, 12.04, 12.05, and 12.06 in reaching his conclusion.  (*Id.* at 1826-28).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a), except:

> that [Plaintiff] can occasionally lift and/or carry 10 pounds; frequently lift and/or carry less than 10 pounds; stand and/or walk up to two hours in an eight hour day; sit about six hours in an eight hour day; be allowed to stand for one to two minutes after sitting for approximately 30 minutes and be allowed to sit for one to two minutes after standing for approximately 15 minutes; occasionally push and/or pull 10 pounds; occasionally climb ramps

---

[2]    Because the matter is being remanded on consent, the Court need not assess whether the ALJ's error in finding Plaintiff's fibromyalgia to be both a severe and non-severe impairment is harmless.

and/or stairs, balance, stoop, kneel, crouch, and crawl; never climb ladders/ropes/scaffolds; never work at unprotected heights or near moving machinery; frequently reach bilaterally; frequently operate foot controls bilaterally; understand, remember, and carry out simple instructions and tasks; able to work in a low stress work environment (i.e. no supervisory duties, no independent decision-making required, no strict production quotas, minimal changes in work routine and processes, etc.); and able to consistently maintain concentration and focus for up to two hours at a time.

(*Id.* at 1828-29). At step four, the ALJ found that Plaintiff had no past relevant work. (*Id.* at 1834).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that from January 15, 2009 to September 1, 2012, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of document preparer, parimutuel ticket checker, and toll collector. (*Id.* at 1834-35). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act since January 15, 2009, the date the application was filed, through September 1, 2012. (*Id.* at 1835).

## II.    Remand of This Matter for Calculation and Payment of Benefits is Appropriate

Plaintiff asks the Court to remand this matter to the Commissioner, arguing: (1) the ALJ omitted review of three medical opinions; (2) the ALJ failed to give good reasons for rejecting opinions from Plaintiff's treating sources; (3) the ALJ did not reconcile limitations given "significant" weight in the neuropsychological examination conducted

by Jennifer Fleeman, Psy.D.; and (4) the ALJ failed to reconcile apparent conflicts between the RFC and the jobs found at Step Five concerning reasoning level. (Dkt. 4-1 at 16-28).

In response, the Commissioner agrees that remand is appropriate—but remand only for further administrative proceedings, and not the calculation and payment of benefits. (*See* Dkt. 5-1 at 2). The Commissioner concedes that further evaluation of the medical opinion evidence and of Plaintiff's ability to perform jobs that exist in significant numbers in the national economy is necessary, but contends that remand for a calculation of benefits is appropriate only in the rare case where the record establishes persuasive proof of disability and in this case, the record includes conflicting evidence and mixed findings as to Plaintiff's limitations. (*Id.* at 5-6). The Commissioner further contends that delay alone is not a sufficient basis to remand for the calculation of benefits. (*Id.* at 7). In reply, Plaintiff argues that remand solely for the calculation and payment of benefits is required based on the procedural posture, the errors committed, and the vast amount of time that has passed, which all provide the Court with sufficient grounds to remand for the calculation of benefits. (Dkt. 8 at 1-2).

Given that both parties agree that remand is appropriate, the Court considers the appropriate remedy: remand for further proceedings, or remand for the calculation and payment of benefits. "Under 42 U.S.C. § 405(g), the district court has the power to affirm, modify, or reverse the ALJ's decision with or without remanding for a rehearing." *Peach v. Berryhill*, No. 1:17-CV-00201-MAT, 2018 WL 4140613, at *4 (W.D.N.Y. Aug. 30, 2018). "The standard for directing a remand for calculation of benefits is met where the record persuasively demonstrates the claimant's disability, and there is no reason to

conclude that the additional evidence might support the Commissioner's claim that the claimant is not disabled." *Destefano v. Berryhill*, No. 6:17-cv-06651(MAT), 2018 WL 5489574, at *5 (W.D.N.Y. Oct. 29, 2018) (internal citations omitted). Where there is conflicting evidence of record regarding a plaintiff's RFC, "further administrative proceedings are necessary." *Kress v. Barnhart*, 297 F. Supp. 2d 623, 624 (W.D.N.Y. 2004); *see also Torres v. Colvin*, No. 3:16-cv-00809(JAM), 2017 WL 1734020, at *3 (D. Conn. May 3, 2017) ("Where there are gaps in the administrative record or the ALJ has applied an improper legal standard, a remand for further development of the evidence is appropriate. But where the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose, the Court may reverse and remand solely for calculation and payment of benefits." (quotations and citation omitted)).

"Further, where a claim has previously been remanded and the Commissioner has been afforded multiple opportunities to carry his burden, remand for calculation and payment of benefits may be appropriate." *Steven C. v. Comm'r of Soc. Sec.*, 592 F. Supp. 3d 132, 141 (W.D.N.Y. 2022); *see also Peter W. v. O'Malley*, No. 3:23-cv-00706 (JAM), 2024 WL 4343616, at *9-10 (D. Conn. Sept. 30, 2024) (where the plaintiff's claim was pending for over eight years, and the Commissioner twice requested remand for repeated legal errors, concluding that there was no purpose "to afford the Commissioner a third opportunity to apply the correct legal standard and carry his burden"); *Torres*, 2017 WL 1734020, at *4 ("Plaintiff's claim has been pending for more than seven years and was

already remanded by the District Court once before.  I am not persuaded that the Commissioner deserves a third opportunity to carry her burden.").

Here, although the Commissioner argues that remand for calculation of benefits is inappropriate because factual issues remain unresolved regarding Plaintiff's ultimate entitlement to benefits between the dates of January 2009 and September 1, 2012, the Court agrees with Plaintiff that the strength of the evidence and clear error in the ALJ decision at issue warrants a benefit award.  Indeed, in this decision, the ALJ wholly failed to consider three medical opinions.  Two of those opinions were from Plaintiff's treating sources, Genevieve Johnson Stuber, D.O., and Todd Galusha, D.C., and a third from consultative examiner Karl Eurenius, M.D.  Dr. Stuber opined that Plaintiff was "very limited" in walking, standing, sitting, pushing, pulling, bending, lifting, and carrying, with "very limited" defined as being able to do so only one to two hours in an eight-hour day.  Dr. Galusha opined that Plaintiff could sit for only about four hours and stand/walk about two.  Consultative examiner Dr. Eurenius found Plaintiff to be "moderately" limited in prolonged sitting, reaching, lifting and carrying; and "mildly" limited in vision.  Each of these opinions contradict the ALJ's RFC, which deemed Plaintiff capable of performing sedentary work.  At this stage of the proceedings, it is hard to fathom how critical medical opinion evidence could have been overlooked by the ALJ.

In addition, the Commissioner does not dispute that the ALJ failed to reconcile and explain potential conflicts between the RFC and the reasoning level required for the jobs he identified at Step Five of the sequential analysis.  Plaintiff also notes that two of the three jobs identified, document preparer and parimutuel ticket checker, are potentially

obsolete at this point.  (*See* Dkt. 4-1 at 26-27 (collecting cases)); *see also Bobby R. v. Comm'r of Soc. Sec.*, No. 5:23-CV-00590 (MAD/ML), 2024 WL 3735876, at *9 (N.D.N.Y. July 8, 2024) (recognizing that numerous courts have found the positions of "addresser" and "document preparer" to be obsolete, and therefore they cannot constitute substantial evidence of jobs existing in the national economy that the plaintiff could perform), *adopted*, 2024 WL 3715757 (N.D.N.Y. Aug. 8, 2024); *Geron S. v. Comm'r of Soc. Sec.*, No. 23-CV-6191-LJV, 2024 WL 1932064, at *4 (W.D.N.Y. May 2, 2024) (concluding that the position of document preparer is obsolete and therefore fails to support the ALJ's step five finding).

But more troubling than any errors in the current ALJ decision is the excessive delay and tortuous history in this case, which has included five hearings already and several remands by this Court and the Appeals Council.  The notion that Plaintiff should have to sit for a *sixth* hearing to address medical evidence that should have been properly considered during any one of the prior determinations leads this Court to conclude that this case presents just the type of egregious situation wherein there can be no confidence that additional proceedings will provide an appropriate resolution.  *Peter W.*, 2024 WL 4343616, at *9 ("[W]hen a court has 'no apparent basis to conclude that a more complete record might support the Commissioner's decision,' a remand for a calculation of benefits is appropriate." (quoting *Rosa,* 168 F.3d at 83 (2d Cir. 1999)); *see also Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F.3d 739, 746 (10th Cir. 1993) (the Commissioner "is not

entitled to adjudicate a case *ad infinitum* until it correctly applies the proper legal standard and gathers evidence to support its conclusion." (quotation omitted)).

Finally, fairness counsels in favor of remanding this matter for the calculation and payment of benefits. While recognizing that delay alone is insufficient to remand for benefits, the Court notes that Plaintiff filed her claim in January of 2009, and therefore it has been pending for over fifteen years, and the time period being considered, from January 1, 2009 through September 1, 2012, is over thirteen years ago. Plaintiff has already been determined to be disabled from September 1, 2012 going forward, and as noted, her case was already remanded multiple times for further development of the record. Despite being afforded numerous additional opportunities to carry his burden, the ALJ made yet more unexplained errors in his assessment of the evidence in the instant decision. *Olympia Joyce A. v. Kijakazi*, No. 5:21-CV-429 (BKS), 2022 WL 3370798, at *3 (N.D.N.Y. Aug. 16, 2022) ("Finally, because a remand is within the discretion of a district court, the court may consider the hardship to a claimant of further delay, . . . and whether the Commissioner has already been afforded multiple opportunities to carry her burden." (quotations and citations omitted)). At some point, enough is enough.

For these reasons, as explained above, the Commissioner has identified no reason why the record would benefit from further development, or that further development of the record would have any different result. The record before the Court is already comprehensive, and there is no reason to believe that the record would benefit from any further development. *See Bobby R.*, 2024 WL 3735876, at *10 (explaining that while remand for calculation and payment of benefits is "generally disfavored," "[t]he highly

restrictive RFC determination and low number of jobs that have been identified despite multiple hearings provide persuasive proof of disability and show that further development of the record would not serve any useful purpose"). In sum, the Court finds that the record persuasively demonstrates disability, and there is no reason to conclude that the additional evidence would support a finding that Plaintiff is not disabled. Remand for calculation and payment of benefits is warranted.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 4) is granted and the matter is remanded solely for the calculation and payment of benefits, and the Commissioner's motion to remand for further administrative proceedings (Dkt. 5) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  September 3, 2025
        Rochester, New York